Gene J. Goldsman, Esq. SBN-76554
LAW OFFICES OF GENE GOLDSMAN
501 Civic Center Drive West
Santa Ana, California 92701-4001
714-541-3333 | 714-541-0456
E: ESERVICE@GJGLAW.COM

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC WEISS,<br><br>        Plaintiff,<br><br>vs.<br><br>HYATT CORPORATION, A DELAWARE CORPORATION; H.E. PHOENIX, A LIMITED LIABILITY CORPORATION; TK ELEVATOR CORPORATION, A DELAWARE CORPORATION; THYSSENKRUPP SYSTEM ENGINEERING, INC. A DELAWARE CORPORATION; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>        Defendants | Case No.: 8:22-cv-2187<br><br>1. GENERAL NEGLIGENCE<br>2. NEGLIGENCE (COMMON CARRIER LIABILITY – <u>CALIFORNIA CIVIL CODE</u> § 2100, ET SEQ.)<br>3. PRODUCTS LIABILITY<br>4. PREMISES LIABILITY<br><br>28 U.S.C. §1332 DIVERSITY JURISDICTION<br><br>DEPARTMENT:<br>DATE:<br>TIME:<br><br>JURY TRIAL DEMANDED<br>FRCP 38 |

Plaintiff MARC WEISS, allege:

### ALLEGATIONS COMMON TO ALL DEFENDANTS

1. The true names, identities, or capacities whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 100, inclusive, are unknown to the Plaintiff, who therefore sues said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously

designated Defendants are ascertained, Plaintiff will ask leave of this Court to amend this Complaint and to insert said true names, identities, and capacities, together with the proper charging allegations.

2.  Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner and liable herein for negligent, wanton, reckless, and tortious conduct, strict liability, and by such wrongful conduct, proximately caused the Plaintiffs' injuries and damages.

3.  Plaintiff is informed and believe thereon allege that Defendants and each of them, were the principals, officers, directors, employers, joint venturers, co-conspirators, partners, alter egos, alternate entities, affiliated entity, successors in interest, partners, guardians, employees, contractors, servants, delegates, delegators and/or agents of each and every other Defendant and that each and every act, omission, failure to act and representation alleged or discovered to have been performed by any one Defendant was done with the authority, permission or knowledge of each of the other Defendants, or alternatively that each act, failure to act or omission alleged to be attributable to any Defendant herein was ratified by each of the remaining Defendants. Defendants, in engaging the acts, omissions and representations referenced throughout this complaint and/ or through discovery.

4.  At all times relevant hereto, Plaintiff, MARC WEISS (hereinafter referred to as "Plaintiff" upper or lower case) was a resident of the County of Los Angeles, State of California.

5.  This action arises under 28 U.S.C. § 1332 Diversity Jurisdiction where the matter in controversy exceeds the value of $75,000 and the Defendants' principal address are as follows: HYATT CORPORATION & H.E. PHOENIX, LLC. (hereinafter collectively referred to as "Hyatt" or "Premises" upper or lower case) 150 N. Riverside Plaza, 14th Floor, Legal Department, Chicago, IL

60606; TK ELEVATOR CORPORATION, 11605 Haynes Bridge Rd, Ste 650, Alpharetta, Georgia 30009; and THYSSENKRUPP SYSTEM ENGINEERING, INC., 9011 Doris Rd., Auburn Hills, MI 48326 (hereinafter collectively referred to as "TK Elevator").

6. Plaintiff pleads under information and belief that Defendants HYATT have at all times herein mentioned minimum contacts with the state of California based on their corporate website and whose services are readily accessible throughout California and nationwide. HYATT has locations nationwide. Plaintiff has been a member of HYATT's loyalty program for over thirty (30) years, and has regularly accessed HYATT's services from the state of California. HYATT, through their intended minimum contacts to Plaintiff and California residents alike, receives the benefit of business in California when Plaintiff or other California residents purchase a reservation to any of HYATT's venues.

7. Plaintiff pleads under information and belief that Defendants TK ELEVATOR have minimum contacts with the state of California based on contacts in Anaheim, CA in the Central district.

8. The law states, "jurisdiction is proper . . . where the [minimum] contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State. . . Thus where the defendant 'deliberately' has engaged in significant activities within a State . . . or has created 'continuing obligations' between himself and residents of the forum . . . he manifestly has [purposely] availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985).

9. The law further states; "Whether due process is satisfied must depend rather

upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process to insure." -*International Shoe Co. v. Washington*, supra, 326 U.S. 319.

10.Based on the above law in *Burger King*, Defendants HYATT and TK ELEVATOR have purposefully availed themselves of and have minimum contacts in the forum of California. *Burger King v. Rudzewicz*, 471 U.S. 462, 475-76 (1985); See *International Shoe Co. v. Washington*, supra, 326 U.S. 319.

11.  Venue is proper in the Central District California based on Defendant HYATT's targeted marketing of California residents and purposeful availment of the laws of California. Further, Plaintiff pleads under information and belief that venue is proper in the State of California Central District Court, because the convenience to the Plaintiffs and availability of the evidence of medical treatment due to the injuries is in California.

11. On or about December 8, 2020, at or near Defendant HYATT's premises located at or near 122 N 2nd St, Phoenix, Arizona 85004, Plaintiff MARC WEISS entered the elevator on the 21st floor of the hotel to traverse down to the 3rd floor. This elevator, which was installed, manufactured, maintained, and/or inspected by Defendants, TK ELEVATOR, malfunctioned during its trajectory at approximately halfway between the 21st and 3rd floors. This malfunction suddenly jerked upwards, which propelled and contorted Plaintiff MARC WEISS' person mid transport, and causing his person to slam against the floor of the elevator. As a result, Plaintiff serious and severe injury and emotional distress.

## FIRST CAUSE OF ACTION
## GENERAL NEGLIGENCE

**(AS AGAINST ALL DEFENDANTS, AND DOES 1 THROUGH 100, INCLUSIVE).**

12. At all times relevant herein, HYATT had a duty of care to act reasonably under the circumstances to properly maintain the elevators that were owned, managed, and controlled on the property. HYATT breached their duty of care when they failed to properly maintain the elevators by failing to CALL TK ELEVATORS to come and inspect the elevators that they owned, managed, and controlled. Plaintiff was harmed when the elevator suddenly jerked upwards, causing him to contact the floor and sustain serious physical injury and emotional distress.

13. TK ELEVATOR CORPORATION & THYSSENKRUPP SYSTEM ENGINEERING, Inc., had a reasonable duty of care to inspect, maintain and repair elevators that it owned, managed and controlled at contracted properties such as the HYATT CORPORATION hotel in Phoenix Arizona located at or near 122 N 2nd St, Phoenix, Arizona 85004. Defendant breached their duty of care when they failed to inspect, maintain and repair the elevators that it owned managed and controlled at the aforementioned location. Plaintiff MARC WEISS was harmed when the elevator at the aforementioned location jerked upwards due to a malfunction or manufacturing defect, when he contacted the floor of the elevator.

14. Defendants TK ELEVATOR CORPORATION & THYSSENKRUPP SYSTEM ENGINEERING, Inc. manufactured and designed the elevator located at or near the aforementioned location in Phoenix, AZ. Defendants TK ELEVATOR CORPORATION & THYSSENKRUPP SYSTEM ENGINEERING, Inc., Inc. manufactured, designed, and installed an elevator at the aforementioned hotel that contained a design and/or manufacturing defect that caused the elevator to sharply jerk upwards when it was in a downward motion to the ground level. Defendants TK

ELEVATOR CORPORATION & THYSSENKRUPP SYSTEM
ENGINEERING, Inc. had a duty of care to reasonably maintain, inspect, and
repair, elevators it designed or manufactured or recall them if there was a
problem with the design or a defect in the manufacturing. Defendants, TK
ELEVATOR CORPORATION & THYSSENKRUPP SYSTEM
ENGINEERING, Inc. breached this duty of care when they failed to prevent
This defect or malfunction in design or operation, when they were on notice
of it in a certain percentage of their elevators. When TK ELEVATOR
CORPORATION & THYSSENKRUPP SYSTEM ENGINEERING, Inc.
failed to issue a recall or inspect and repair the defect, it put profits before
patrons of the elevator company and caused harm to the Plaintiff MARC
WEISS when he made contact with the floor of the elevator sustaining
serious physical injury and emotional distress when the elevator jerked
upwards suddenly during downward travel motion to the ground floor.

### SECOND CAUSE OF ACTION
### NEGLIGENCE (COMMON CARRIER LIABILITY – CALIFORNIA CIVIL CODE § 2100, ET SEQ.)
### (AS AGAINST ALL DEFENDANTS, AND DOES 1 THROUGH 100, INCLUSIVE).

15. Plaintiff alleges and incorporates by this reference the allegations set forth
in Paragraphs 1 through 14, inclusive of this Complaint, as though fully set
forth herein.

16. Defendants, and each of them, owned, occupied, maintained, leased, used,
controlled, managed, directed, superintended and/or operated the premises
on which the elevator was located, as well as the elevator itself, and, by
virtue of their providing elevator services to members of the public,
including patrons, said Defendants were common carriers.

17. As common carriers, Defendants owed a duty to use the utmost care and skill to provide the safe passage and carriage for their patrons, and to provide everything for that purpose, and to exercise a reasonable degree of care and skill.

18. Defendants, breached their duty to use the utmost care and skill to provide the safe passage for their patrons, and to provide everything for that purpose, and to exercise a reasonable degree of care and skill, in that the elevator maintained on their premises was not properly functioning when used by Plaintiff.

19. As a direct and proximate result of said acts or omissions, Plaintiff has sustained General and Special damages in an amount to be proved at trial.

20. The foregoing conduct by said Defendants and their officers, directors and/or managing agents was carried on with a conscious and willful disregard of the safety of those who rode the subject elevators and, thus, constitutes malice, fraud or oppression within the meaning of California Civil Code § 3294.  Plaintiffs thus seek punitive and exemplary damages in an amount sufficient to punish Defendants for their misconduct

**THIRD CAUSE OF ACTION**

**PRODUCTS LIABILITY**

**STRICT PRODUCTS LIABILITY**

**(AS AGAINST TK ELEVATOR CORPORATION, A DELAWARE CORPORATION; THYSSENKRUPP SYSTEM ENGINEERING, INC. A DELAWARE CORPORATION; AND DOES 1 THROUGH 100, Inclusive).**

21. Plaintiff incorporates by reference all prior and subsequent paragraphs and allegations of this complaint herein as if set forth in full herein.

22. At all times relevant, prior to and at the time of the events described herein, Defendants THYSSENKRUPP SYSTEM ENGINEERING, Inc. & TK ELEVATOR CORPORATION, were a manufacturer, designer, distributor,

1   retailer, supplier of the products and their component parts at issue

2   ("Product") and placed the product at issue in the stream of commerce or

3   had a hand in such acts and omissions so that the product reached and came

4   in contact with Plaintiff.

5   23. The product elevator at issue made by THYSSENKRUPP SYSTEM

6   ENGINEERING, Inc. & TK ELEVATOR CORPORATION, was dangerous

7   and defective. At all times herein the product proximately caused Plaintiff

8   harm and damages related to defects present at the time of design,

9   manufacture, marketing, assembly, installation, etc. including defects and

10   deficiencies that arose before and after the time of sale or placing the

11   product in the stream of commerce so that Plaintiff would come in contact

12   with the product. At all times relevant herein, Defendants

13   THYSSENKRUPP SYSTEM ENGINEERING, Inc. & TK ELEVATOR

14   CORPORATION, designed, manufactured, prepared, sold, supplied,

15   installed, inspected, repaired, rented, leased, distributed, assembled the

16   product elevator and its component parts, at issue herein.

17   24. At all times relevant herein the Defendants THYSSENKRUPP SYSTEM

18   ENGINEERING, Inc. & TK ELEVATOR CORPORATION, were strictly

19   liable or negligent, reckless, unreasonable and careless in their design,

20   manufacture, supply, installation, inspection repair, renting or leasing of

21   product. Further, at all times relevant herein Defendants THYSSENKRUPP

22   SYSTEM ENGINEERING, Inc. & TK ELEVATOR CORPORATION,

23   failed to use the amount of care reasonably required in designing,

24   manufacturing, inspecting, installing, repairing, recalling, warning,

25   retrofitting the product elevator at issue under similar circumstances to avoid

26   exposing plaintiff to a foreseeable risk of harm. At all times the product

27   elevator at issue were not reasonably safe for the purposes for which it was

28   intended.

25. Defendants THYSSENKRUPP SYSTEM ENGINEERING, Inc. & TK ELEVATOR CORPORATION manufactured, designed, assembled, compounded, tested or failed to test, inspected or failed to inspect, packaged, labeled fabricated, supplied, constructed, analyzed, distributed, serviced, merchandised, recommended, advertised, promoted, marketed and sold a certain elevator and its component parts and constituents, which was intended by THYSSENKRUPP SYSTEM ENGINEERING, Inc. & TK ELEVATOR CORPORATION to be used for the purposes of transport in a building between floors and other related activities.

26. Defendants THYSSENKRUPP SYSTEM ENGINEERING, Inc. & TK ELEVATOR CORPORATION knew the elevator was unsafe for its intended use by reason of defects in its manufacture, design, testing, inspection, handling, keeping, preparation, fabrication of components and constituents, so that it would not safely serve its purposes, but would instead expose the users of said product, such as Plaintiff, to serious injury and damages because of the failure of Defendant THYSSENKRUPP SYSTEM ENGINEERING, Inc. & TK ELEVATOR CORPORATION, to properly guard, warn and protect the users of the said tire from the defects of said product.

27. Plaintiff was not aware of said defects at any time prior to the injuries caused by the said tire and its constituents and component parts software, hardware, cables and electrical when they came into contact with the product. Defendants, and each of them, knew the product elevator and its component parts, cables, hardware, software, electrical and constituent parts would be placed in the market and Plaintiff as an ordinary consumer would not inspect the product for defects and dangers.

28. At all relevant times the product at issue was inherently dangerous or dangerous and/or defective and not carefully made. The product had

1    dangerous propensities. Defendants, and each of them, failed to adequately
2    manufacture, design, test, inspect, handle, keep, prepare, fabricate the
3    product properly.

4  29. Therefore, Defendants, and each of them, are liable for failing to adequately
5    warn of the dangers or make the dangers safe for Plaintiff associated with
6    the product elevators and adequately and timely recall product and not
7    permit Plaintiff access or have contact with the product. Defendants, and
8    each of them, knew or reasonably should have known that the product
9    elevator was unreasonably dangerous and/or defective when used in a
10   reasonably foreseeable manner by Plaintiff. Defendants, and each of them,
11   knew or should have known of the degree of risk and harm to be foreseeable
12   plaintiff like plaintiff at bar. Defendants, and each of them, became aware of
13   a product defect prior to its sale and/or after its sale or placing the product in
14   the stream of commerce so that users would encounter the product and failed
15   to take adequate safety measures.

16  30. At all times the product did not include sufficient instructions or warranties
17   on potential safety hazards.

18  31. At all times relevant herein, Defendants and each of them, (1) received a
19   direct financial benefit from its activities and from the sale of the product;
20   (2) had a role was integral to the business enterprise such that the
21   defendant's conduct was necessary factor in bringing the product to the
22   initial consumer market, and (3) had control over, or a substantial ability to
23   influence, the manufacturing or distribution process." *Bay Summit*
24   *Community Ass'n v. Shell Oil Co.,* 51 Cal.App. 4th 762, 776, 59 Cal.Rptr 2d
25   322 (1996).

26  32. As a proximate cause of Defendants', and each of their, negligence,
27   recklessness, unreasonableness and gross negligence and breach of express
28   and implied warranties, Defendants, and each of them, including under a

1     strict liability for products, caused Plaintiff harm, injury and damages and

2     was a substantial factor in the cause, and are therefore liable to Plaintiffs

3     under all theories identified herein.

4     33. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff

5     MARC WEISS, hereby demands trial by jury in this action of all issues so

6     triable.

7

## FOURTH CAUSE OF ACTION
## PREMISES LIABILITY
## (AS AGAINST HYATT CORPORATION; AND DOES1 through 100).

8

9

10

11     34. Plaintiff incorporates by reference all prior and subsequent paragraphs and

12     allegations of this complaint herein as if set forth in full herein.

13     35. Defendants HYATT owned, occupied, maintained, leased, used, controlled,

14     managed, directed, superintended and/or operated the subject property on

15     which the elevator was located, and based on that ownership, occupation,

16     maintenance, leasing, use, control, management, direction, superintending or

17     operation of the premises owed a duty to maintain the premises in a

18     reasonably safe condition and warn of known or knowable dangers,

19     including those associated with the elevators at the aforementioned location

20     in Phoenix Arizona.

21     36. Further, Defendants had a duty as a landowner, operator, manager, leaser, or

22     otherwise to warn potential plaintiffs of the dangerous condition on its

23     premises. Defendants had a duty to make safe the premises for foreseeable

24     plaintiffs that were business invitees and patrons of the hotel on its subject

25     premises who used the elevator and the subject surrounding areas within,

26     through out, and within its curtilage. Defendants, owners, managers, lessors,

27     controllers, occupiers of HYATT had breached their duty of care when they

28     carelessly, recklessly, unreasonably, negligently or grossly negligently, or

recklessly, failed to repair, maintain, and inspect the subject elevator on its property and its constituted component parts, including but not limited to software, hardware, cables, electrical panels and redoubts as well as shaft and levers and counterweights controlled mechanically or digitally and or any associate part which constituted to the malfunction herein. Defendants further breached their duty to maintain the premises in a reasonably safe condition and warn of known or knowable dangers, including those associated with the elevators, in that the elevator maintained on their premises was not properly functioning when used by Plaintiff and Plaintiff was never so advised.

37. Plaintiff MARC WEISS was harmed when the subject elevator suddenly jerked upwards and dangled within the shaft of the elevator causing Plaintiff to career within the insides of the elevator and causing him serious and severe physical injury and emotional distress when he was trapped inside the carriage as he lay on the floor of the elevator shouting for help in vain as he panicked and went into physical and psychological adrenaline shock.

38. That HYATT was reckless, careless, unreasonable, negligent, reckless, and grossly negligent conduct was a substantial factor in causing Plaintiff's harm when the subject elevator on Defendant's property malfunctioned and suddenly jerked upwards for several floors causing plaintiffs harm when he was thrown around the elevator to the floor causing him to land upside-down on the floor of the elevator.

39. The foregoing conduct by said Defendants and their officers, directors and/or managing agents was carried on with a conscious, willful, and reckless disregard of the safety of those who rode the subject elevators and, thus, constitutes malice, fraud or oppression within the meaning of California Civil Code § 3294. Plaintiff thus seeks punitive and exemplary damages in an amount sufficient to punish Defendants for their misconduct.

WHEREFORE, plaintiffs pray for judgment as follows:

1. General damages according to proof;

2. Damages for loss of earnings, according to proof;

3. Damages for hospital and medical expenses, according to proof;

4. Damages for transportation costs to and from medical providers according to proof;

5. Damages for loss of future earnings, according to proof;

6. Damages for future hospital and medical expenses;

7. Damages for loss of earning capacity

8. Damages for Personal Property damage

9. Damages for loss of use of personal property;

10. Damages for inconvenience associated with loss of use of personal property;

11. Interest according to law;

12. Costs of suit herein;

13. Reasonable attorneys fees;

14. Such further relief as the court deems just and proper

Dated December 5, 2022                LAW OFFICES OF GENE GOLDSMAN

                                      _____
                                      Gene J. Goldsman, Esq.
                                      Attorney for Plaintiff Marc Weiss